FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 09 2010

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 09, 2010

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DOLLAR GENERAL CORP.
FAIR LABOR STANDARDS ACT LITIGATION          MDL No. 1635

ORDER DENYING TRANSFER

**Before the entire Panel**[*]: Plaintiffs in 719 actions move, pursuant to 28 U.S.C. § 1407(c), for transfer of their respective actions to the Northern District of Alabama for inclusion in MDL No. 1635.[1] Defendants Dolgencorp of Texas, Inc.; Dolgencorp of New York, Dollar General Partners; and Dolgencorp, LLC (collectively Dollar General) oppose the motion.

After reviewing the argument of counsel, we find that Section 1407 transfer of these actions to the Northern District of Alabama would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Plaintiffs in these actions allege that Dollar General violated the Fair Labor Standards Act by depriving plaintiffs of their lawful wages as a result of an improper exemption classification. These actions were initially filed in the Northern District of Alabama and all but one were transferred to the district in which the plaintiffs work or reside. Each action now pending outside the Northern District of Alabama is brought on an individual basis, and none overlaps with the *Richter* collective action pending in the Northern District of Alabama. Any remaining discovery is likely to require an individualized, factual inquiry into the job duties performed by each employee.

Proceedings in MDL No. 1635 were completed in 2006, and the actions before the Panel have been pending since then. To transfer these actions to the Northern District of Alabama for the limited discovery and motion practice left, and then remand them under Section 1407 to the various district courts at the completion of pretrial proceedings, would seem to cause delay and create inefficiency, rather than serve the purposes of Section 1407. The parties have previously stipulated to use the discovery obtained during the pendency of Dollar General litigation in the Northern District of Alabama and can continue to do so to avoid duplicative pretrial proceedings. Indeed, similar cases transferred from the Northern District of Alabama to various district courts in 2009 have been progressing or terminated, and the parties' experience with those cases will facilitate proceedings of the recently transferred cases as well.

---

[*] Judge Furgeson took no part in the decision of this matter.

[1] The actions are listed in Exhibits A, B and C to pleading number 30 in MDL No. 1635.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407(c), for transfer of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen                W. Royal Furgeson, Jr.*
Frank C. Damrell, Jr.          Barbara S. Jones